IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| **DAVID HARTLEY and TIMOTHY DELISLE**, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>**SIG SAUER, INC.**,<br><br>Defendant. | Case No. 4:18-cv-00267-HFS |

## ORDER GRANTING PLAINTIFFS' MOTION FOR
## PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

WHEREAS, Plaintiffs David Hartley and Timothy Delisle, individually and as representatives of a Class defined below, and Defendant SIG Sauer, Inc. (together, the "Parties") have entered into a Settlement Agreement, which, if approved, would resolve this class action;

WHEREAS, the Plaintiffs have filed a motion for preliminary approval of the proposed settlement, and the Court has reviewed and considered the motion, the supporting brief, the Settlement Agreement, and all exhibits thereto, including the Notice of Settlement and Notice Program, and finds there is sufficient basis for granting preliminary approval of the settlement, directing that notice be disseminated to the class, and setting a hearing at which the Court will consider whether to grant final approval of the settlement;

**IT IS HEREBY ORDERED** that:

1. Capitalized terms not otherwise defined herein shall have the same meaning as set forth in the Settlement Agreement.

2. Under the Settlement Agreement, the Settlement Classes have been defined as follows:

(i) <u>Settlement Class 1</u> ("Category I Settlement Class"): All current owners of a P320 whose pistols have not previously experienced a Cartridge Failure Event or who did previously experience a Cartridge Failure Event but did not previously return their P320 pistol to Sig Sauer for repair following that Cartridge Failure Event. Excluded from the class are: (a) persons who are neither citizens nor residents of the United States or its territories; (b) any Judge or Magistrate Judge presiding over the action and members of their families; (c) governmental and law enforcement agency purchasers; (d) Sig Sauer, Inc. and any of its employees, parents, subsidiaries and affiliates.

(ii) <u>Settlement Class 2</u> ("Category II Settlement Class"): All individuals who previously returned their P320 Pistol to SIG Sauer after experiencing a Cartridge Failure Event and were told that their pistol could not be repaired. Excluded from the class are: (a) persons who are neither citizens nor residents of the United States or its territories; (b) any Judge or Magistrate Judge presiding over the action and members of their families; (c) governmental and law enforcement agency purchasers; (d) Sig Sauer, Inc. and any of its employees, parents, subsidiaries and affiliates.

(iii) <u>Settlement Class 3</u> ("Category III Settlement Class"): All individuals who previously returned their P320 Pistol to SIG Sauer after experiencing a Cartridge Failure Event and were charged any amount, including shipping costs, for the repair and return of the pistol. Excluded from the class are: (a) persons who are neither citizens nor residents of the United States or its territories; (b) any Judge or Magistrate Judge presiding over the action and members of their families; (c) governmental and law enforcement agency

purchasers; (d) Sig Sauer, Inc. and any of its employees, parents, subsidiaries and affiliates.

3. The Court preliminarily approves the proposed settlement, finding that the terms of the Settlement Agreement appear sufficiently fair, reasonable, and adequate to warrant dissemination of Notice of Settlement to the Settlement Classes. The Court finds that the Settlement Agreement contains no obvious deficiencies and that the parties entered into the Settlement Agreement in good faith, following arm's-length negotiations between their respective counsel.

4. The Court finds that the proposed Class meets the requirements of Rule 23(a) and 23(b)(3), satisfying the requirements of class certification.

   (i) The Court finds that Named Plaintiffs have adequately alleged that Defendant has sold thousands of P320 Pistols that are at issue in this case, satisfying Rule 23(a)(1)'s numerosity requirement.

   (ii) The Court finds that Plaintiffs have adequately alleged that the same defects affected the P320 Pistols owned by the proposed Class Members that were manufactured by Defendant, satisfying Rule 23(a)(2)'s commonality requirement.

   (iii) The Court finds that Plaintiffs have adequately alleged that the P320 Pistols they purchased suffered from the same defects that they allege affect the P320 Pistols purchased by the proposed Class Members, satisfying Rule 23(a)(3)'s typicality requirement.

   (iv) The Court finds that Plaintiffs have retained counsel competent in the prosecution of class actions and do not have any conflicts with the class they seek to represent, satisfying Rule 23(a)(4)'s adequacy requirement.

   (v) The Court finds that Named Plaintiffs have adequately alleged a common course of conduct was responsible for the manufacture and sale of allegedly defective P320 Pistols. Whether the P320 Pistols suffer from these defects and whether Defendant engaged in deceptive marketing practices are the central issues driving

this litigation and predominate over merely individual issues, thus Rule 23(b)(3)'s predominance requirement is satisfied.

(vi) The Court finds that Plaintiffs have adequately alleged that the P320 Pistols sell for hundreds of dollars and that it is unlikely that purchasers would file individual lawsuits for such relatively small sums; and even if they did, the issue of the P320 Pistols' defects is more efficiently addressed in a class proceeding rather than many separate actions, thus Rule 23(b)(3)'s superiority requirement is also satisfied.

5. The Court appoints Bonner C. Walsh of Walsh PLLC, Tim E. Dollar of Dollar Burns & Becker, L.C., and Matthew D. Schelkopf of Sauder Schelkopf LLC as Class Counsel and David Hartley and Timothy Delisle as class representatives.

6. The Court hereby approves the form and procedures for disseminating notice of the proposed settlement to the Class as set forth in the Settlement Agreement. The Court finds that the notice to be given constitutes the best notice practicable under the circumstances, and constitutes valid and sufficient notice to the Class in full compliance with the requirements of due process and applicable law.

7. The Court finds the Notice of Settlement fairly and adequately: (i) describes the terms and effect of the Settlement Agreement; (ii) notifies the Class of the amounts that Class Counsel will seek in attorneys' fees and litigation expenses, and the amounts requested in service awards for each of the Plaintiffs for their service in such capacity; (iii) gives notice to the Class of the time and place of the Final Fairness Hearing; (iv) describes how Class Members may object to all or any aspect of the Settlement; and (v) describes how Class Members may opt out of the Settlement.

8. As set forth in the Settlement Agreement, Defendant SIG Sauer, Inc. shall bear all costs and expenses in connection with providing notice to the Class and administering the proposed settlement.

9. Any Class Member shall have the right to opt out of the Class and the settlement by sending a written request for exclusion from the Class to the address listed in the Notice of Settlement, postmarked no later than the deadline provided for such exclusion as set forth in the Notice of Settlement. To be effective, the request for exclusion must include:

(i) the Settlement Class Member's full name, current address and telephone number;

(ii) the firearm's serial number;

(iii) the following statement or equivalent language: "I request to be excluded from the settlement in the Sig Sauer P320 Class Action Settlement."; and

(iv) the signature of the Settlement Class Member.

10. Any Class Member who does not submit a timely and valid request for exclusion shall be subject to and bound by the Settlement Agreement and every order or judgment entered concerning the Settlement Agreement.

11. Any Class Member who intends to object to final approval of the settlement and/or the amount of attorneys' fees must send a letter, postmarked no later than the deadline provided for such objection to the Court, Class Counsel, and Defendant's Counsel, as set forth in the Notice of Settlement. Each objection must include:

(i) the objector's full name, address, telephone number, and e-mail address;

(ii) documents or information required on the Claim Form and sufficient to identify the objector as a Settlement Class Member, including but not limited to the pistol's serial number;

(iii) a written statement of all grounds for the objection accompanied by any legal support for the objection;

(iv) the identity of all counsel representing the objector;

(v) the identity of all counsel representing the objector who may appear at the Final Fairness Hearing;

(vi) all other cases in which the objector (directly or through counsel) or the objector's counsel (on behalf of any person or entity) has filed an objection to any proposed class action settlement, or has been a named plaintiff in any class action or served as lead plaintiff class counsel, including the case name, court, and docket number for each;

(vii) a list of all persons who will be called to testify at the Final Fairness Hearing in support of the objection;

(viii) a statement confirming whether the objector intends to personally appear and/or testify at the Final Fairness Hearing; and

(ix) the objector's signature and the signature of the objector's duly authorized attorney or other duly authorized representative (along with documentation setting forth such representation) the Settlement and from the Class.

12. If the objecting Class member intends to appear, in person or by counsel, at the final approval hearing, the objecting Class member must so state in the objection.

13. The Court will hold a Fairness Hearing addressing the final approval of the Settlement Agreement, an award of fees and expenses to Class Counsel, and incentive payments to the Class Representatives, before the undersigned judge at the U.S. District Court for the Western District of Missouri, 400 E. 9th Street, Kansas City, MO 64106. Such hearing shall be at least 90 days after the proper notice required by the Class Action Fairness Act has been served upon the states. At the Fairness Hearing, the Court will consider: (i) whether the settlement should be approved as fair, reasonable, and adequate for the class; (ii) whether a judgment

6

Case 4:18-cv-00267-SRB   Document 59   Filed 02/18/20   Page 6 of 9

granting approval of the settlement and dismissing the lawsuit with prejudice should be entered; and (iii) whether Class Counsel's application for attorneys' fees and expenses should be granted.

14. The following schedule shall govern the class action settlement proceedings:
    (i) Defendant must begin to disseminate notice in substantially similar form be disseminated in accordance with the provisions of the Settlement Agreement on or before March 9, 2020.

    (ii) Class Members must mail any letter objecting to the proposed settlement on or before June 3, 2020.

    (iii) Class Members must mail any letter electing to exclude themselves from the Class on or before June 3, 2020.

    (iv) The Parties shall submit motions for final approval of the proposed settlement, including any exhibits or attachments thereto, on or before June 10, 2020.

    (v) The Final Approval Hearing shall be held on June 25, 2020 at 10 a.m. in Courtroom 6C.

The dates established for items (ii), (iii), and (v) shall be included in the Long Form Notice disseminated to Class Members.

15. Plaintiffs shall file, on or before May 21, 2020 a motion for attorneys' fees and expenses.

16. The Court has the authority and duty under Rule 23 of the Federal Rules of Civil Procedure to manage this class action litigation, ensure that clear and accurate notices are provided to the class, and protect the class members from information and communications about the proposed settlement or litigation that are coercive, deceptive, false, misleading, confusing, omit material information, or otherwise undermine the class action process. The Court has

approved certain forms of notice that provide class members with clear, accurate, and objective information about the proposed settlement. The Court intends to carefully scrutinize any additional communications with, or information directed to, class members that are brought to its attention by a moving party, including communications or information provided by or on behalf of persons or entities who are not named parties in this litigation. *See* Manual for Complex Litigation (4th) § 21.33 ("Objectors to a class settlement or their attorneys may not communicate misleading or inaccurate statements to class members about the terms of a settlement to induce them to file objections or to opt out."); *In re Gen. Motors Corp.Engine Interchange Litig.*, 594 F.2d 1106, 1140 n.60 (7th Cir. 1979) ("Solicitations to opt-out tend to reduce the effectiveness of (b)(3) class actions for no legitimate reason.").

17. With respect to any such communications or information, the Court intends to make specific findings based on the particular circumstances, and will take appropriate action in accordance with the standards set forth in *Gulf Oil Co. v. Bernard*, 452 U.S. 89 (1981). In order to reduce the risk of class members receiving misleading or confusing information outside the context of the forms of notice approved by the Court and to reduce the need for costly curative notice, the Court encourages any person who wishes to send or provide a written communication to multiple class members about the proposed settlement or this litigation to submit the proposed communication to the Court for review and approval prior to issuing it.

18. Since the Court has appointed Class Counsel and preliminarily certified the class, the Court also finds that the class members are represented by Class Counsel, and the ethical rule relating to communications with represented persons applies to attorney communications with the class members. *See, e.g.*, ABA Model Rule of Professional Conduct 4.2 (and the relevant counterparts in each state or jurisdiction); *see also Jacobs v. CSAA Inter-Ins.*, No. C07-

00362MHP, 2009 WL 1201996, at *3 (N.D. Cal. May 1, 2009). Therefore, the Court reminds any lawyer wishing to communicate with class members to comply with applicable ethical rules. *See, e.g.*, ABA Model Rule of Professional Conduct 4.2 ("[i]n representing a client, a lawyer shall not communicate about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized to do so by law or a court order.").

19. In most circumstances, communications by lawyers with class members about this class action litigation or the proposed settlement must go through Class Counsel, and direct contact is prohibited. However, this Order is not intended to prevent an individual class member from proactively seeking the advice of a third-party attorney regarding his or her rights in the context of this class action during the opt-out period.

20. The Court may, for good cause, extend any of the deadlines set forth in this Order without further written notice.

21. All pretrial proceedings in the Action are stayed and suspended until further notice of this Court.

22. The Court hereby retains jurisdiction over this Action to consider all further matters arising out of or connected with the Settlement, including enforcement of the releases provided for in the Settlement Agreement.

23. The Parties may make any ministerial changes to documents to comport with the Settlement Agreement and this Order.

SO ORDERED this 18th day of February 2020.

                                                  */s/ Howard F. Sachs*
                                                  Howard F. Sachs
                                                  United States District Judge